Colleen M. Duffy, Esq.
**McELROY, DEUTSCH, MULVANEY**
**& CARPENTER, LLP**
570 Broad Street, 15th Floor
Newark, NJ 07102
Tel: (973) 622-7711
cduffy@mdmc-law.com
Attorneys for Defendant Mutual of Omaha Insurance Company

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN B. BAGLIVO,<br><br>Plaintiff,<br><br>v.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 1:20-cv-15605 (RMB) (MJS) |

**SECOND AMENDED ANSWER AND SEPARATE AND AFFIRMATIVE DEFENSES TO THE COMPLAINT AND COUNTERCLAIM ON BEHALF DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY**

Defendant, Mutual of Omaha Insurance Company ("Mutual of Omaha"), by way of Answer to the Complaint filed on behalf of Plaintiff, Steven B. Baglivo, responds and says:

**FIRST COUNT**

1.      Defendant admits that it is a mutual insurance company that is licensed by the New Jersey Department of Banking & Insurance to conduct business within the State of New Jersey.

2.      Defendant admits that it offers disability insurance income products for individuals, businesses, and groups.

3.      Defendant admits that it issued a disability income insurance policy bearing Policy No. D81DT4E-489076-92M (the "Policy") to Plaintiff which contains an effective date of February 10, 2016.

4.      Defendant admits that, to age 67, the monthly premium amount is $1,153.73.

5.      Defendant admits that, except for a period of time that the payment of premium was waived, monthly premium has been paid.

6.       Defendant refers to and incorporates the provisions of the Policy as responsive to the allegations of Paragraph 6.

7.      Defendant denies the allegations of Paragraph 7.

8.      Defendant denies the allegations of Paragraph 8 except to admit that it received and reviewed certain medical records relating to Plaintiff.

9.      Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.      Defendant denies the allegations in Paragraph 10 except to admit that disability benefits were paid to Plaintiff for the period May 18, 2017 to January 16, 2019 less the 90 day elimination period.

11.      Defendant denies the allegations of Paragraph 11 except to admit that it ceased paying disability benefits to Plaintiff as of January 16, 2019.

12.      Defendant denies the allegations of Paragraph 12.

13.      Defendant denies the allegations of Paragraph 13.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of unjust enrichment.

3.      The causes of action and/or the relief sought are barred and/or precluded by virtue of Plaintiff's failure to comply with the terms and provisions of the Policy of disability income insurance.

4.      The causes of action and/or the relief sought are barred and/or precluded by virtue of Plaintiff's failure to comply with the terms and provisions of the Policy.

5.      The causes of action and/or relief sought should be barred and/or precluded by virtue of Plaintiff's failure to mitigate the damages sustained.

6.      The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of offset.

7.      The causes of action and/or relief sought should be barred and/or precluded by virtue of the doctrine of avoidable consequences.

8.      The causes of action and/or relief sought should be barred and/or precluded by virtue of the applicable period and/or statute of limitations.

9.      The causes of action and/or relief sought should be barred and/or precluded by virtue of Plaintiff's ratification, adoption, authorization and/or acquiescence in the actions and/or omissions complained of.

10.      The causes of action and/or relief sought should be barred and/or precluded by virtue of the statute of frauds.

11.     The causes of action and/or the relief sought are barred and/or precluded virtue of the express terms, conditions, limitations and exclusions contained in the Policy.

12.     The causes of action and/or the relief sought are barred and/or precluded by virtue that Defendant performed its obligations in accordance with the terms, conditions, limitations and exclusions contained in the Policy.

13.     The causes of action and/or the relief sought are barred and/or precluded by virtue of Plaintiff's failure to mitigate the damages sustained.

14.     The causes of action and/or the relief sought are barred and/or precluded by virtue that Defendant fully complied with its obligations arising under the Policy.

15.     The cause of action and/or relief sought should be barred and/or precluded by virtue of Plaintiff's knowing and intentional making of material misrepresentations, concealments, and/or failures to disclose material facts with the intent that they be relied upon to the detriment and damage of Mutual of Omaha.

16.     The causes of action and/or relief sought should be barred and/or precluded by virtue of Defendant's commission of fraud in obtaining the Policy and/or in the filing of a claim under the Policy.

17.     The causes of action and/or relief sought should be barred and/or precluded by virtue of Plaintiff's knowing misrepresentations, concealments, and/or failures to disclose information, and/or written or oral statements in connection with his application for the Policy and/or his claim for payment or other benefits under the Policy in violation of the New Jersey Insurance Fraud Prevention Act. N.J.S.A. 17:33A-1, et. seq.

18.     The causes of action and/or relief sought are barred, in whole or in part, by the doctrines of equitable estoppel and/or judicial estoppel.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, costs of suit, reasonable attorney fees, and such other relief as the Court deems equitable and just.

---

## COUNTERCLAIM ON BEHALF DEFENDANT MUTUAL OF OMAHA INSURANCE COMPANY AGAINST PLAINTIFF

---

Defendant, Mutual of Omaha Insurance Company ("Mutual of Omaha"), by way of Counterclaim against Plaintiff, Steven B. Baglivo, alleges and says:

### INTRODUCTION

1. Mutual of Omaha is an insurance corporation and maintains its principal place of business in the State of Nebraska and is a citizen of the State of Nebraska within the meaning and intent of 28 U.S.C. §1332.

2. Mutual of Omaha brings this Counterclaim against Plaintiff Steven B. Baglivo ("Baglivo") for Declaratory Judgment relief under 28 U.S.C. §2201, and for other relief. Mutual of Omaha seeks judicial declarations that (i) a policy of disability income insurance issued to Baglivo is null and void and rescinded, *ab initio*, because Baglivo knowingly and intentionally and/or negligently made material misstatements and omissions in executing the application forms; and (ii) Mutual of Omaha is entitled to repayment from Baglivo of all disability benefits paid to him less the amount of all premiums paid by him in order to place the parties, as best as possible, in their pre-policy issuance positions and that no further benefits are payable to him.

3. Mutual of Omaha further brings this Counterclaim against Baglivo to obtain compensatory, consequential and treble damages, including reasonable investigative expenses, costs of suit and attorney fees, as a consequence of Baglivo's knowing misrepresentations and concealment of material information when applying for issuance of the policy of disability

income insurance, and filing a claim for benefits under the policy of disability income insurance in violation of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1, et seq.

## PARTIES

4.     Mutual of Omaha is, and during all times relevant has been, in the business of underwriting policies of disability income insurance and is authorized to transact the business of insurance in the State of New Jersey.

5.     Baglivo is a resident of the State of New Jersey, maintaining a primary residence and domicile located at 9600 Atlantic Avenue, Suite 713, Margate, New Jersey 08402.

## JURISDICTION AND VENUE

6.     This Court possesses subject matter jurisdiction based upon diversity of citizenship of the within parties pursuant to 28 U.S.C. § 1332.

7.     Mutual of Omaha is a citizen of the State of Nebraska within the meaning and intent of 28 U.S.C. § 1332.

8.     Baglivo is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332.

9.     There is complete diversity of citizenship between the parties to this action pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000 exclusive of interests and costs of suit.

10.     This Court has jurisdiction over Mutual of Omaha's declaratory judgment counterclaim pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the district courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.

11.     Venue in the United States District Court for the District of New Jersey is proper

because the acts giving rise to the controversy took place in New Jersey within the meaning and intent of 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.    Application for and Issuance of the Policy of Disability Income Insurance**

12.    On January 21, 2016, Baglivo completed and executed an Application seeking the issuance of a policy of disability income insurance providing, in the event of total disability, a base monthly benefit in the amount of $9,400.00 and a Social Insurance Substitute monthly benefit in the amount of $2,600.00.  The Application seeking the issuance of the policy of disability income insurance is fully incorporated by reference, as if set forth herein at length.

13.    In executing the Application seeking the issuance of a policy of disability income insurance from Mutual of Omaha, Baglivo provided material information in response to the questions on the Application pertaining to his employment, occupation, and exact duties.

14.    In executing the Application seeking issuance of a policy of disability income insurance from Mutual of Omaha, Baglivo knew that he was required to provide truthful, accurate and honest answers in response to the questions present on the Application.

15.    In executing the Application seeking issuance of a policy of disability income insurance from Mutual of Omaha, Baglivo knew that Mutual of Omaha would rely upon his answers to the questions on the Application in determining whether Baglivo was insurable and qualified for the coverage applied for.

16.    In executing the Application seeking issuance of a policy of disability income insurance from Mutual of Omaha, Baglivo knew that he may be subject to civil and/or criminal penalties in the event he knowingly and/or intentionally made false statements in order to obtain the policy applied for.

17.    On January 21, 2016, Baglivo completed and executed the Application, certifying

the following responses to the questions stated:

| EMPLOYMENT INFORMATION | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Employee (No Ownership)  ☒ Sole Proprietor  ☐ Partnership  ☐ "S" Corp  ☐ "C" Corp   % Ownership _____   # of Employees _____ | | | | | | |

Employer _STATEWIDE COMMERCIAL_                    (City, State) _MARGATE NJ_

Occupation _OWNER_          List exact duties _Administration_

1. Are you considered a full-time employee by your employer?  ☒ Yes  ☐ No   # of hours/week __50__
2. How long have you been employed by your current employer? __26 years__
3. Do you have any part-time or off-season occupation?  ☐ Yes  ☒ No   (If "Yes," list exact duties/hours per week)

18.    Through and by virtue of the execution of the Application, Baglivo expressly

acknowledged, represented and agreed:

**AGREEMENTS AND ACKNOWLEDGEMENTS**

1.  The undersigned applicant agrees that (a) all answers in this
application are true and complete and Mutual of Omaha Insurance
Company ("Mutual of Omaha") will rely upon these answers to
determine insurability, and (b) incorrect or misleading answers
may void this application and any policy issued from its effective
date.

\*        \*        \*

**FRAUD WARNING -** Any person who knowingly presents a
false statement in an application for insurance may be guilty of a
criminal offense and subject to penalties under state law.

\*        \*        \*

**I have (a) read and understand the Agreements and Acknowledgements and Fraud Warning
Sections; (b) read and approved the answers as recorded on this application; and (c)
received the appropriate Outline/Summary of Coverage.**

19.    Baglivo's agent/producer certified on the Application as follows:

Producer Section:
I/We certify that during an interview with the Proposed Insured(s), I/we asked each question exactly
as written and recorded the answers provided by the Proposed Insured(s) completely and accurately. . . . . . . . . . ☒ Yes ☐ No

20.    Along with the Application, Baglivo's agent/producer provided a signed

Agent/Producer Statement to Mutual of Omaha dated January 21, 2016 representing an

Occupational Class of 4A for Baglivo's Application.

21.     Occupational Class 4A includes executive and professional occupations where most work is performed in an office setting with minimal environmental hazards and limited direct supervision of persons with manual responsibilities.

22.     On January 29, 2016, Baglivo's agent/producer represented to Mutual of Omaha that Baglivo has two businesses that complement each other, one is the adjusting and other is the restoration, they are in the same building, have the same tax return in one, Baglivo does not do any of the restoration work, he hires subcontractors and, per Baglivo, he is on site less than 10% of the time.

23.     On the basis of the statements and representations contained in the written Application, and in reliance upon Baglivo's complete candor, honesty and openness in disclosing information in response to the questions in the written Application, Mutual of Omaha issued a policy of disability income insurance bearing policy number 489076-92 with, in the event of total disability, a base monthly benefit in the amount of $9,400.00 and a Social Insurance Substitute monthly benefit in the amount of $2,600.00 ("the Policy").

24.     The Policy has an elimination period of 90 days and a benefit period to Age 67.

25.     The Policy also contains riders for Extended Proportionate Disability Benefits, Cost-of-Living Adjustment, Extended Own-Occupation Disability Definition Amendment, and Future Insurability Option with a maximum increase amount of $2,600.00.

26.     The Policy further contains Elimination Endorsement Exclusions for (i) disease or disorder of the lungs and bronchial tubes, (ii) neurosis, psychoneurosis, mental and emotional, personality or psychotic disorder of any kind, and (iii) injury, disease, disorder or complications of the spine, its muscles, ligaments, discs, or nerve roots except for burn, laceration, or fracture.

27.     The Policy of disability income insurance issued to Baglivo contains an Effective Date of February 10, 2016.

28.     The Policy states on its front cover:

**LONG-TERM DISABILITY INCOME INSURANCE POLICY**

**CONSIDERATION**

In consideration of the first premium you paid and the application you completed, we have put this policy in force as of the Policy Date. Your application becomes part of your policy.

**PLEASE REVIEW YOUR APPLICATION**

**Please review the attached copy of your application.  If anything is incorrect or if any past medical history has been left out, you should tell us.  Your policy was issued on the basis that all information shown in the application is correct and complete.  If not, your policy may not be valid.**

**10-DAY RIGHT TO REVIEW POLICY**

You have 10 days from the date of its delivery to review your policy.  If during that time you are not satisfied with it, you may return your policy to us or your agent for a prompt refund of all premiums paid. The policy will then be considered never to have been issued.

29.     The Policy contains the following provisions:

**Entire Contract and Changes**

The entire contract of insurance is:

    (a)    the policy;
    (b)    the attached signed application;
    (c)    any supplemental applications made part of the policy;
    (d)    any riders and amendment riders; and
    (e)    any endorsements and amendments.

No agent may change the contract of insurance in any way. Only an executive officer of ours can approve a change. Any such change must be shown in or attached to the policy. Any rider, endorsement or application added after the Policy Date which reduces or eliminates coverage under this policy will require your signed acceptance in order to be valid.

**Time Limit on Certain Defenses**

After two years from the date you become covered under this policy, we cannot use misstatements, except fraudulent misstatements in your application, to void coverage or deny a claim for loss incurred or disability that starts after the two-year period.

**B.     Baglivo's Claim for Disability Benefits**

30.     On or about July 5, 2017, Baglivo submitted an Insured's Statement For Disability Benefits to Mutual of Omaha, claiming disability benefits and alleging proportionate disability as of May 15, 2017 due to "hip and knee issues and pain, weakness, stiffness."

31.     In his Insured's Statement for Disability Benefits, Baglivo claimed entitlement to disability benefits due to a disability that started within the two-year period after he became covered by the Policy.

32.    Also on or about July 5, 2017, Baglivo submitted an Insured's Occupational Description wherein Baglivo listed the duties of his occupation(s) in order of their importance, with a detailed description of each as follows:

5.  List the duties of your occupation(s) in order of their importance, with a detailed description of each:

Duty *Sales / marketing*                    Hours spent each week ____
Description *Surveying Fire damaged, Water damaged, Mold damaged properties to price quote across New Jersey/ other.*
Duty *Manage, staff & subcontractors*                    Hours spent each week ____
Description *On site management of staff/others completing Demolition, Remediation Restoration, Janitorial and other related services my company performs.*

33.    On the Insured's Occupational Description, Baglivo classified his occupation as "Sedentary Involves sitting, walking and standing.  Objects lifted weight between zero and 10 pounds":

6.  If your occupation includes lifting, please indicate extent according to the following classifications (circle one letter):
(A)  Sedentary    Involves sitting, walking and standing.  Objects lifted weight between zero and 10 pounds.
B.  Light    Involves frequently lifting and carrying of objects weighing between 10 and 20 pounds and jobs which require significant walking and/or standing.
C.  Medium    Involves lifting between 25 and 50 pounds.
D.  Heavy    Involves lifting between 50 and 100 pounds.
E.  Very Heavy  Involves lifting over 100 pounds.

34.    Baglivo further represented on the Insured's Occupational Description that his claimed disability limited his abilities to walk, climb stairs, climb ladders, sit, carry items, navigate through service locations safety:

7.  How has your disability interfered with the performance of the job?  Please describe sitting, standing, and walking requirements and limitations: *Limits my abilities to walk, climb stairs, climb Ladders sit, carry items, navigate through service locations safely.*

35.    Baglivo also submitted Attending Physician Statements from his treating doctor, Marlene Rodriguez, M.D. to Mutual of Omaha.

36.    Dr. Rodriguez's Attending Physician Statements dated February 6, 2018, June 14, 2018, September 20, 2018, and December 20, 2018 all state that Baglivo's restrictions are "unable to go up and down a ladder, etc."

37.    On February 8, 2018, Baglivo advised Mutual of Omaha that he stopped working completely as of February 1, 2018 due to his claimed disability.

## C.    Mutual of Omaha's Payment of Benefits

38.    Based upon the representations made by Baglivo, Mutual of Omaha commenced the payment of disability benefits to Baglivo effective May 18, 2017 (after the 90 day elimination period).

39.    Mutual of Omaha continued to pay disability benefits to Baglivo while it continued its investigation and review of Baglivo's claim.

40.    Mutual of Omaha also provided Baglivo with a waiver of premiums under the Policy during its investigation and review of Baglivo's claim.

41.    On or about March 6, 2019, Mutual of Omaha obtained a Peer Review of Baglivo's claim for benefits from a Board Certified Orthopedic Surgeon who concluded that Baglivo is capable of sustaining sedentary work with certain limited restrictions.

42.    The Peer Review was provided for review and comment to Baglivo's treating physician, Marlene Rodriguez, M.D., who advised Mutual of Omaha in a writing dated August 19, 2019 that she agreed with the Peer Review assessment.

43.    Thus, on August 26, 2019, Mutual of Omaha closed Baglivo's disability claim, removed the Policy from waiver of premium status, and advised Baglivo that no further benefits are allowable for his claim.

44.    Mutual of Omaha further advised Baglivo that he could appeal its decision and submit any supporting documentation.  Baglivo did not submit an appeal.

45.    In total, for the period May 18, 2017 (after the 90 day elimination period) to January 16, 2019, disability benefits in the amount of $197,740.00 were paid to Baglivo and the payment of premiums was waived.

**D.    Baglivo's Suit Against Mutual of Omaha**

46.    Baglivo filed suit against Mutual of Omaha in New Jersey state court on December 10, 2019, seeking the payment of total disability benefits from January 17, 2019 forward.

47.    Mutual of Omaha removed the suit to this Court on November 6, 2020.

48.    Mutual of Omaha, through counsel, conducted the deposition of Baglivo on August 23, 2022.

49.    At his deposition, Baglivo gave sworn testimony that directly contradicts his previous representations to Mutual of Omaha in his Application that his "occupation" was "Owner" and "exact duties" were "Administration."

50.    Baglivo's sworn deposition testimony further contradicted his prior representations to Mutual of Omaha in his Insured's Occupational Description submitted in support of his Claim for Disability Benefits, among other things, that the job duties of his occupation in order of their importance were "Sales/Marketing" and "Manage staff and subcontractors."

51.    Specifically, by way of example, Baglivo's sworn deposition testimony described his pre-application job duties as follows:

- "Hands-on" fire and water construction restoration services, environmental mold remediation/demo, and commercial cleaning.

- Going up and down ladders "was part of my daily job duties in 2015."

- "I was on job sites every single day;" "I was on site every single day to every single loss."

- "For six and a half hours I would physically be doing something" and grasping big objects; "I'm grasping or grabbing something."

- "So my job commonly would be to lift heavy objects."

- "Spending time moving debris out of my way in fires and spending time climbing ladders and scaling roofs."

- "I would run to the tile store if I was the only one available and pick up a box of tile, things of that nature.'

- "I would walk ladders, I would walk roofs, I would investigate above drop ceilings, underneath in crawl spaces."

- "I had to go underneath the first living levels crawl space to do an evaluation or assessment, it would take me about a half an hour to crawl through there."

- "I would be first on site for any fires or water restorations so I can delegate what gets done and what not to do and start writing reports and things of that nature."

- "My hands-on involvement were very important because without me giving them direction on what to do and what not to do they couldn't function."

52. Thus, Mutual of Omaha first discovered on August 23, 2022 at the deposition of Baglivo that the representations and statements made on Baglivo's Application for the Policy were materially false; that Baglivo knowingly and intentionally failed and omitted to disclose material facts; and otherwise knowingly and intentionally failed to accurately, honestly and/or truthfully answer and disclose material information in response to the questions present on the Application which, if disclosed, Mutual of Omaha would have declined to issue to him the Policy.

14

53.     As set forth above, and by way of illustration only, Baglivo knowingly and intentionally made material misstatements of fact; failed, refused and omitted to disclose material facts; and otherwise failed to correctly answer and disclose the following information in response to the questions contained in the Applications.

54.     The above-summarized occupational and job duties of Baglivo should have been, but were not, disclosed by Baglivo during various times throughout the application process, in response to questions during his completion of the Application.

55.     The representations and statements contained in Baglivo's responses relating to his Employment Information and "exact duties," which were acknowledged and accepted as true and complete by Baglivo, were incomplete, inaccurate, and false.

56.     The misrepresentations and omissions made by Baglivo were relied upon by Mutual of Omaha and material to the decision to offer coverage to Baglivo under the Policy. Had Mutual of Omaha known of the true, accurate, and complete employment information and occupational job duties of Baglivo as outlined above, it would not have issued the Policy to Baglivo.

**FIRST COUNT**
**DECLARATORY JUDGMENT**

57.     Mutual of Omaha repeats and realleges the allegations contained in paragraphs 1 through 56 inclusive as if the same were fully set forth at length herein.

58.     As is set forth more fully in the preceding paragraphs, Baglivo knowingly and intentionally and/or negligently misrepresented, concealed, and/or failed to disclose his true, accurate, and complete employment information and occupational job duties when he completed the Application seeking issuance of the Policy.

15

59.    Mutual of Omaha is entitled to a judicial declaration that the Policy is null and void and rescinded, *ab initio*.

60.    Mutual of Omaha is further entitled to a judicial declaration that it is entitled to repayment from Baglivo of all disability benefits paid to him, less the amount of all premiums paid by him in order to place the parties, as best as possible, in their pre-policy issuance positions and that no further benefits are payable to him.

**WHEREFORE**, Mutual of Omaha demands judgment against Baglivo for relief more particularly described as follows:

(a)    An order declaring and adjudging the Policy to be null and void and rescinded, *ab initio*;

(b)    An order declaring and adjudging that Baglivo shall repay to Mutual of Omaha all disability benefits paid to him by Mutual of Omaha less the amount of all premium payments by him to Mutual of Omaha and that no further benefits are payable to him;

(c)    An order awarding pre-judgment interest, post-judgment interest, costs of suit, reasonable attorney fees, and such other relief as the Court deems equitable and just.

**SECOND COUNT**
**INTENTIONAL MISREPRESENTATION**

61.    Mutual of Omaha repeats and realleges the allegations contained in paragraphs 1 through 60 inclusive as if the same were fully set forth at length herein.

62.    As is set forth more fully in the preceding paragraphs, Baglivo knowingly and intentionally misrepresented, concealed, and/or failed to disclose his true, accurate, and complete employment information and occupational job duties of Baglivo when he completed the Application seeking issuance of the Policy of disability income.

16

63.    As is set forth more fully in the preceding paragraphs, Baglivo knowingly and intentionally made material misstatements of fact in response to the questions present on the insurance Application and otherwise failed, refused and/or omitted to disclose material facts, all of which as aforesaid.

64.    Baglivo made false material representations of presently existing or past facts when he completed the Application seeking the issuance of the Policy of disability income insurance with the intent that they be relied upon.

65.    Mutual of Omaha relied on the false material representations of Baglivo and issued the Policy.

66.    Mutual of Omaha has no adequate remedy at law and therefore seeks that the Policy be declared null and void and rescinded, *ab initio*.

**WHEREFORE**, Mutual of Omaha demands judgment against Baglivo for relief more particularly described as follows:

(a)    An order declaring and adjudging the Policy to be null and void and rescinded, *ab initio*;

(b)    An order declaring and adjudging that Baglivo shall repay to Mutual of Omaha all disability benefits paid to him by Mutual of Omaha less the amount of all premium payments by him to Mutual of Omaha and that no further benefits are payable to him;

(c)    An order awarding pre-judgment interest, post-judgment interest, costs of suit, reasonable attorney fees, and such other relief as the Court deems equitable and just.

## THIRD COUNT

## NEGLIGENT MISREPRESENTATION

67.    Mutual of Omaha repeats and realleges the allegations contained in paragraphs 1 through 66 inclusive as if the same were fully set forth at length herein.

68.    Baglivo knowingly, negligently and/or innocently made material misstatements of fact; failed to disclose material facts in response to questions present on the Application; and otherwise failed, refused and/or admitted to disclose material facts, all of which as aforesaid.

69.    Mutual of Omaha has no adequate remedy at law and therefore seeks that the Policy be declared null and void and rescinded, *ab initio*.

**WHEREFORE**, Mutual of Omaha demands judgment against Baglivo for relief more particularly described as follows:

(a)    An order declaring and adjudging the Policy to be null and void and rescinded, *ab initio*;

(b)    An order declaring and adjudging that Baglivo shall repay to Mutual of Omaha all disability benefits paid to him by Mutual of Omaha less the amount of all premium payments by him to Mutual of Omaha and that no further benefits are payable to him;

(c)    An order awarding pre-judgment interest, post-judgment interest, costs of suit, reasonable attorney fees, and such other relief as the Court deems equitable and just.

## FOURTH COUNT

### VIOLATION OF NEW JERSEY
### INSURANCE FRAUD PREVENTION ACT

70. Mutual of Omaha repeats and realleges the allegations in paragraphs 1 through 69, inclusive as if the same were fully set forth at length herein.

71. As is set forth more fully in the preceding paragraphs, Baglivo knowingly misrepresented, concealed and/or failed to disclose his true, complete and accurate employment information and occupational job duties when he completed the Application seeking the issuance of the Policy within the meaning and intent of the New Jersey Insurance Fraud Prevention Act and, in particular, N.J.S.A. 17:33A-4.

72. As is set forth more fully in the preceding paragraphs, Baglivo knowingly made written and/or oral statements intended to be presented for the purpose of obtaining a policy of disability income insurance knowing that the statements contained false and misleading information material to the Application and Policy within the meaning and intent of the New Jersey Insurance Fraud Prevention Act and, in particular, N.J.S.A. 17:33A-4.

73. Baglivo presented, caused to be presented, prepared, and/or made written and/or oral statements as part or in support of a claim for benefits under the Policy knowing that the statements contain false and/or misleading information concerning facts or things material to the claim in violation of N.J.S.A. 17:3A-4.

74. The actions and omissions of Baglivo constitute violations of the New Jersey Insurance Fraud Prevention Act, and as a consequence of such violations, Mutual of Omaha has and will continue to sustain damages.

**WHEREFORE**, Mutual of Omaha demands judgment against Baglivo for relief more particularly described as follows:

(a)     An order declaring and adjudging the Policy null and void and rescinded, *ab initio*;

(b)     An order awarding a monetary judgment in favor of Mutual of Omaha providing compensatory, consequential and treble damages; and

(c)     An order awarding reasonable investigation costs, costs of suit, reasonable attorney fees, pre-judgment interest, post-judgment interest, and such relief as the Court deems equitable and just.

**McELROY, DEUTSCH, MULVANEY**
**& CARPENTER, LLP**
570 Broad Street, 15th Floor
Newark, NJ  07102
Tel: (973) 622-7711
cduffy@mdmc-law.com

Dated:  October 14, 2022          By:_____
                                             COLLEEN M. DUFFY, ESQ.
                                             A Member of the Firm
                                             Attorneys for Defendant Mutual of Omaha
                                             Insurance Company

## CERTIFICATE OF SERVICE AND FILING

I hereby certify that this Second Amended Answer and Separate and Affirmative Defenses to the Complaint and Counterclaim and Certificate of Service and Filing were filed and served electronically via the Court's ECF system on October 14, 2022. These documents are available for viewing and downloading by Plaintiff's counsel from the ECF system.

I certify that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 14, 2022                    By:_____
                                                Colleen M. Duffy, Esq.

4677547